## Emanuel Levy, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 18,800.  (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed May 20, 1914. *Certiorari* dismissed for want of jurisdiction.

### Statement of the Case.

Action by Emanuel Levy against Chicago City Railway Company, a corporation, to recover for injuries sustained by plaintiff while riding as a passenger on one of defendant's cars which collided with another car at a street intersection where the tracks on which the two cars were being operated crossed each other. To reverse a judgment entered on a verdict of not guilty, the plaintiff brings error.

LEVY & O'DONNELL, for plaintiff in error.

JOHN E. KEHOE and WATSON J. FERRY, for defendant in error; LEONARD A. BUSBY, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 191*—*when negligence is question for jury.* The question of negligence is for the jury unless from the evidence reasonable minds could come to but one conclusion.

---

*See **Illinois Notes Digest, Vols XI to XV,** and **Cumulative Quarterly,** same topic and section number.

2. CARRIERS, § 461*—*doctrine of res ipsa loquitur*. By the doctrine of *res ipsa loquitur* the happening of the collision raises the presumption of negligence on the part of those in charge of and operating the cars, and if resultant injury is established by proof, a *prima facie* case is made out. When however, such *prima facie* case is overcome by the evidence, no recovery can be had on the mere proof of the happening of the accident.

3. CARRIERS, § 480*—*when question whether prima facie case of negligence is overcome for jury*. In an action against a street railway company for injuries sustained by a passenger resulting from a collision, when the collision is shown by the proof or is admitted and there is proof before the jury tending to show that it was the result of an inevitable accident and not due to the negligence of any one, it is for the jury to determine whether the *prima facie* case is overcome by proof or not.